UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BISMARK MAIRENA-RIVERA | CIVIL ACTION |
| VERSUS | NO. 16-4493 |
| LANGSTON CONSTRUCTION, LLC ET AL. | SECTION "H" (2) |

## ORDER AND REASONS ON MOTION

Plaintiff filed a Motion to Compel Defendant to Confer Under Fed. R. Civ. P. 26(f). Record Doc. No. 11. Defendant filed a timely opposition memorandum. Record Doc. No. 15. IT IS ORDERED that the motion is GRANTED for the following reasons.

Plaintiff filed this case less than three months ago as a putative collective action under the Fair Labor Standards Act, alleging that defendant failed to pay overtime wages to him and similarly situated employees. Defendants filed a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), Record Doc. No. 9, which is pending before the presiding district judge. Plaintiff now seeks to compel defendants to participate in a Fed. R. Civ. P. 26(f) discovery conference. Defendants argue that a Rule 26(f) conference is premature in light of their pending motion to dismiss.

Under Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceedings exempt from initial disclosures under Rule 26(A)(1)(B), or when authorized by these rules, stipulation, or by court order." Rule 26(f) provides in pertinent part that "[e]xcept . . . when the court orders otherwise, the parties must confer as soon as practicable–and in

any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). This court's Local Rule 26.2(A) modifies Federal Rule 26(f) by providing that "the conference between the parties required by FRCP 26(f) must be held no later than seven working days before the scheduled preliminary conference."

"[N]o federal [or local] rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on Defendants' Motion to Dismiss. Filing a Rule 12(b)(6) [or 12(b)(3)] motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved." Escareno ex rel. A.E. v. Lundbeck, LLC, No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (citing Glazer's Wholesale Drug Co. v. Klein Foods, Inc., No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)). By refusing to participate in the requested conference in this matter, defendants essentially "are seeking to invoke a rule that a pending motion to dismiss stays discovery–but no such rule applies in these circumstances. In fact, such a stay is the exception rather than the rule." Id. (quotation omitted) (citing Glazer's Wholesale Drug Co., 2008 WL 2930482, at *1). "The Court does have discretion to stay discovery 'for good cause shown.'" Id. at *1 (quoting Fed. R. Civ. P. 26(c)(1)) (citing Landry v. Air Line Pilots Ass'n, 901 F.2d 404, 436 (5th Cir. 1990)). Given the court's "broad discretion to manage the conduct of discovery, . . . [n]o categorical rule is appropriate; rather each case should be considered based on its unique

facts and context." Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

In the circumstances presented here, I find that defendants have not shown good cause to stay the Rule 26(f) discovery conference. Plaintiff recently filed a motion for leave to amend his complaint to cure the allegedly defective venue allegations, which is noticed for submission before me next week. Record Doc. No. 12. Defendants' motion to dismiss asserts that this court is an improper venue, but presents verified facts indicating that the Middle District of Louisiana would be a proper venue. Even if the court grants the motion to dismiss, dismissal would be without prejudice to re-filing the action in a proper venue. Summers v. Kenton, OH Policea, No. 11-3162, 2012 WL 1565363, at *5 (E.D. La. May 2, 2012); Whitehead v. FedEx Ofc. Inc., No. 10-1120, 2010 WL 4103707, at *4 (W.D. La. Oct. 18, 2010). Although defendants' motion seeks dismissal under Rule 12(b)(3) and does not request a transfer of venue under 28 U.S.C. § 1404, "[t]he broad language of the transfer statute seems to suggest that the district court may order a transfer on its own motion." Charles Alan Wright, Arthur R. Miller et al., 5B Federal Practice and Procedure § 1352, text at n.30 and cases cited in nn. 30-31 (3d ed., on Westlaw at FPP § 1352). Thus, a Rule 26(f) conference would likely not be as futile as defendants suggest, while a lengthy delay in holding the conference would prejudice plaintiff with respect to the running of the statute of limitations for potential opt-in plaintiffs in this FLSA collective action.

The instant case is unlike the decisions, cited by defendants in their opposition to plaintiff's motion to compel, in which the pending motion to dismiss presented an issue that would be thoroughly dispositive of plaintiff's claims in federal court, therefore providing good cause for a stay of discovery. I find that, "in the face of Plaintiffs' request for the conference for which Rule 26(f) provides, Defendants have not shown a need to stall the Rule 26(f) process and any and all discovery at this stage of the case." Escareno, 2014 WL 1976867, at *3 (citing U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am., 571 F. Supp. 2d 766, 767-68 (W.D. Tex. 2008)).

Accordingly, IT IS ORDERED that, no later than August 17, 2016, counsel must confer in good faith and agree on a mutually convenient date for the required Rule 26(f) and Local Rule 26.2 conference.

New Orleans, Louisiana, this __3rd____ day of August, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE